VIRGINIA F. MILSTEAD (SBN 234578)
Virginia.Milstead@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
300 South Grand Avenue, Suite 4300
Los Angeles, California
Telephone: (213) 687-5000
Facsimile: (213) 687-5000

JAMES R. CARROLL (*pro hac vice forthcoming*)
James.Carroll@skadden.com
MICHAEL S. HINES (*pro hac vice forthcoming*)
Michael.Hines@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
Telephone: (617) 573-4800
Facsimile: (617) 573-4822

Attorneys for Defendants Generac Holdings Inc.,
Aaron Jagdfeld, and York A. Ragen

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| CAREY DON PROCTER, Individually and on behalf of all others similar situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAC HOLDINGS INC., AARON JAGDFELD, and YORK A. RAGEN,<br><br>Defendants. | CASE NO.: 2:21-cv-07009-SVW-JPR<br><br>**(1) DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF WISCONSIN; (2) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: November 22, 2021<br>TIME: 1:30 p.m.<br>COURTROOM: 10A<br><br>Judge: Hon. Stephen V. Wilson<br>Complaint Filed: August 31, 2021<br><br>**FILED UNDER SEPARATE COVER** |

Case 2:21-cv-01342-LA    Filed 10/19/21    Page 2 of 17    Document 14

) **(3) DECLARATION OF YORK A. RAGEN**
)
)
) **(4) [PROPOSED] ORDER**
)

**DEFENDANTS' MOTION TO TRANSFER**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT. ALL PARTIES, AND THEIR ATTORNEYS OF RECORD**

PLEASE TAKE NOTICE that on November 22, 2021 at 1:30 p.m., or at the nearest available date at which counsel may be heard, in Courtroom 10A, of the above-referenced court located at 350 West First Street, Los Angeles, California 90012, Defendants Generac Holdings Inc., Aaron Jagdfeld, and York A. Ragen (collectively, the "Defendants"), by and through their undersigned counsel of record, hereby move this Court to transfer the above-referenced action to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a). Transfer is appropriate because this case arose out of events in the Eastern District of Wisconsin and the convenience of the parties and witnesses, as well as the interests of justice, favor transfer to that venue.

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the concurrently-filed Declaration of York A. Ragen, and all other pleadings and papers on file with the Court in this action. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on October 4, 2021, and October 7, 2021. Plaintiff takes "no position" as to the relief sought by this Motion.

DATED: October 19, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: ___*/s/ Virginia F. Milstead*___
Virginia F. Milstead
*Attorneys for Defendants*

1
DEFENDANTS' MOTION TO TRANSFER

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I.      PRELIMINARY STATEMENT ........................................................................1

II.     BACKGROUND ...............................................................................................2

      A.     The Putative Class Actions ................................................................2

      B.     The Defendants, Witnesses, Operative Events, And  Evidence Are All Located In The Eastern District Of Wisconsin ........................4

           1.     Generac Is Headquartered In Wisconsin ...................................4

           2.     The Individual Defendants And  Other Witnesses Are Located In Wisconsin ..................................................................4

           3.     The Alleged Operative Facts  And Events Occurred In Wisconsin ...................................................................................4

III.    THE COURT SHOULD  TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF Wisconsin PURSUANT TO SECTION 1404 .......................5

      A.     The Present Action Could Have Been  Brought In The Eastern District Of Wisconsin ....................................................................6

      B.     The Convenience Of The Parties  Favors The Eastern District Of Wisconsin ........................................................................................6

           1.     The Locus Of Operative Facts Is In The Eastern District Of Wisconsin, Where Defendants And The Relevant Documents Are Located ..........................................................7

           2.     Plaintiff's Choice of Forum Is Not Entitled To Deference ........8

      C.     The Convenience Of Witnesses  Also Favors Transfer To The Eastern District  Of Wisconsin, Where Such Relevant Witnesses Are Likely To  Reside And Where The Court Could Compel Process If Necessary ....................................................................10

      D.     The Interests Of Justice Favor Transfer ............................................11

IV.     CONCLUSION ...............................................................................................12

DEFENDANTS' MOTION TO TRANSFER

# TABLE OF AUTHORITIES

**CASES**                                                               **PAGE(S)**

*Ambriz v. Coca Cola Co.*,
No. 13-CV-03539, 2014 WL 296159 (N.D. Cal. Jan. 27, 2014) ........................8

*Bussen v. WestPark Cap. Fin. Servs., LLC*,
No. CV 14-6609, 2014 WL 11512591 (C.D. Cal. Dec. 4, 2014).....................11

*City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*,
No. CV 19-06468, 2019 WL 7900030 (C.D. Cal. Nov. 19, 2019) ..................10

*Cohn v. Oppenheimerfunds, Inc.*,
No. 09-CV-1656, 2009 WL 3818365 (S.D. Cal. Nov. 12, 2009) ......................8

*Glob. Decor, Inc. v. Cincinnati Ins. Co.*,
No. CV 11-2602, 2011 WL 2437236 (C.D. Cal. June 16, 2011)........................9

*In re Hanger Orthopedic Grp.*,
418 F. Supp. 2d 164 (E.D.N.Y. 2006).................................................................2

*In re Yahoo! Inc.*,
No. 07-3125, 2008 WL 707405 (C.D. Cal. Mar. 10, 2008) ....................6, 9, 10

*Italian Colors Rest. v. Am. Express Co.*,
No. CV 03-3719, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) ..................11

*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir. 2000) .............................................................................5

*Metz v. U.S. Life Ins. Co. in City of New York*,
674 F. Supp. 2d 1141 (C.D. Cal. 2009).........................................................5, 8

*Sanchez v. Centene Corp.*,
No. 16-08469, 2017 WL 11496768 (C.D. Cal. Mar. 1, 2017)...........2, 7, 10, 11

*Tran v. Third Ave. Mgmt. LLC*,
No. CV 16-602, 2016 WL 6828217 (C.D. Cal. Apr. 12, 2016)...................8, 10

*Wasson v. LogMeIn, Inc.*,
No. 18-7285, 2018 WL 6016283 (C.D. Cal. Nov. 2, 2018)................3, 6, 7, 10

**STATUTES**

15 U.S.C. § 78aa(a)................................................................................................6
28 U.S.C. § 1391(b) ..............................................................................................6
28 U.S.C. § 1391(c) ..............................................................................................6
28 U.S.C. § 1404(a) .......................................................................................1, 2, 5

**RULES**

Fed. R. Civ. P. 45(c)(1)........................................................................................11

ii

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendants Generac Holdings Inc. ("Generac"), Aaron Jagdfeld, and York A. Ragen (the "Individual Defendants," and together with Generac, "Defendants"), respectfully submit this Memorandum of Points and Authorities in support of their Motion to Transfer this putative securities fraud class action to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. § 1404(a) ("Section 1404"). Plaintiff takes "no position" as to the relief sought by this Motion.

## I. <u>PRELIMINARY STATEMENT</u>

This Court should transfer this putative federal securities class action to the United States District for the Eastern District of Wisconsin because all of the relevant factors that courts consider when deciding a motion to transfer pursuant to Section 1404 overwhelmingly favor litigating this case in eastern Wisconsin. Such factors include, among others:

- The corporate defendant, Generac, is headquartered in Waukesha, Wisconsin;
- The Individual Defendants work and reside in eastern Wisconsin;
- The allegedly false or misleading statements were disseminated from Waukesha, Wisconsin;
- The potential witnesses involved in drafting, approving, and issuing the allegedly false or misleading statements work and live in eastern Wisconsin;
- The Eastern District of Wisconsin can compel witnesses to appear at trial, as virtually all such witnesses reside in eastern Wisconsin;
- The named plaintiff's initial choice of forum is afforded little, if any, weight where, as here, he seeks to assert claims in a representative capacity on behalf of a nationwide class, and also does not reside in California;

1

- The plaintiff in a related putative securities class action does not reside in California. (*See* concurrently-filed Motion to Transfer in *Khami v. Generac Holdings, Inc.*, No. 2:21-cv-06777 (C.D. Cal.) (the "Khami Action")); and

- The plaintiff in this action does not oppose transfer.

Unsurprisingly, and for the reasons articulated above, courts routinely transfer putative federal securities class actions to the corporate defendant's district -- here, the Eastern District of Wisconsin. *See, e.g.*, *Sanchez v. Centene Corp.*, No. 16-08469, 2017 WL 11496768, at *2 (C.D. Cal. Mar. 1, 2017) (transferring case from the Central District of California to the Eastern District of Missouri); *In re Hanger Orthopedic Grp.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006) (observing that "as a practical matter, such transfers are routine") (citations omitted). Such an outcome is especially appropriate here, where the parties have minimal contacts with this District and none of those contacts is central to Plaintiff's claims. On the contrary, none of the allegedly false or misleading statements was prepared or disseminated from this District, none of the underlying documents or third-party witnesses resides or works in this District, and none of the decisions underlying the challenged statements was made in this District. At bottom, this case has virtually no connection to this District.

Accordingly, pursuant to Section 1404 and for the convenience of the parties, the convenience of the witnesses, and in the interests of justice, this Court should grant Defendants' Motion to Transfer this case to the Eastern District of Wisconsin.

## II. BACKGROUND

### A. The Putative Class Actions

The gravamen of the Complaint (as well as the substantially identical complaint filed in the Khami Action) is that Generac made allegedly false or misleading statements in SEC reports and press releases about the market growth of its generators. (Compl. at 1-2.) Generac issued its annual report for the period

2

ended December 31, 2021 (the "Form 10-K"), which contains statements concerning: (i) Generac's then-current and projected market share for its automatic standby generators; and (ii) the financial risks associated with investing in Generac, including a potential "increase in product and other liability claims or recalls . . . in the event that use of [its] products is alleged to have resulted in injury or other damage." (*Id*. ¶¶ 17-18.) Thereafter, Generac made similar statements in press releases that it issued on April 29, May 10, and July 28, 2021. (*Id*. ¶¶ 19-22.)

Plaintiff Nahil Khami claims that a subsequent recall of certain Generac portable generators rendered those statements materially false or misleading in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and the SEC Rule 10b-5 promulgated thereunder. (*Id*. ¶¶ 2, 24-26, 37, 51). Plaintiff purports to bring this putative securities fraud class action on behalf of all "persons or entities who purchased or otherwise acquired publicly traded Generac securities between February 23, 2021 and July 29, 2021." (*Id*. ¶ 1.) The Court has not yet appointed a Lead Plaintiff, although as noted above, on August 20, 2021, the Khami Action was filed making substantially similar allegations as those alleged in this action, was deemed related, and is currently pending before this Court.[1] (*See Khami v. Generac Holdings, Inc*., No. 2:21-cv-06777 (C.D. Cal.)) Motions for appointment of lead plaintiff are currently due to be filed on October 19, 2021.

---

[1] Defendants respectfully submit that, as a matter of judicial efficiency, the Court should defer ruling on appointment of a lead plaintiff until after it decides this Motion. *See Wasson v. LogMeIn, Inc*., No. 18-7285 PA, 2018 WL 6016283, at *1 (C.D. Cal. Nov. 2, 2018) (observing that "the possibility that a lead plaintiff might prefer litigating in this District is no reason to delay deciding this motion [to transfer]," especially because "[t]his Court has previously decided motions to transfer before motions for lead plaintiff"). Should the Court grant this motion, the transferee court in the Eastern District of Wisconsin can determine the lead plaintiff.

### B. The Defendants, Witnesses, Operative Events, And Evidence Are All Located In The Eastern District Of Wisconsin

#### 1. Generac Is Headquartered In Wisconsin

Defendant Generac is a publicly-traded Delaware corporation headquartered in Waukesha, Wisconsin. (Compl. ¶ 8.) Generac, through its wholly owned subsidiaries, designs, manufactures, and sells power generation equipment, energy storage systems, and other power products for the residential, and light commercial and industrial markets worldwide. (*See* concurrently-filed Declaration of York A. Ragen ("Ragen Decl.") ¶ 5.) Additionally, the company sells aftermarket service parts and product accessories to dealers. (*Id.*)

#### 2. The Individual Defendants And Other Witnesses Are Located In Wisconsin

Defendant Aaron Jagdfeld has served as Generac's President and Chief Executive Officer since September 2008 and as a director since November 2006. (*Id.* ¶ 10; Compl. ¶ 9.) Mr. Jagdfeld works at Generac's headquarters in Waukesha and lives in the greater Milwaukee area. (Ragen Decl. ¶ 10.) Defendant York A. Ragen has served as Generac's Chief Financial Officer since September 2008. (*Id.* ¶ 11.) Mr. Ragen also works at Generac's headquarters in Waukesha and lives in the greater Milwaukee area. (*Id.*)

In addition to the Individual Defendants, other potential witnesses who were involved in the preparation, approval, or issuance of the alleged misstatements identified in the Complaint also work and reside in eastern Wisconsin, including: Bill Mongan, Vice President Finance; and Raj Kanuru, Executive Vice President, General Counsel & Secretary. (*Id.* ¶ 12.)

#### 3. The Alleged Operative Facts And Events Occurred In Wisconsin

All of the operative facts and events alleged in the Complaint occurred in Waukesha. The alleged misstatements contained in Generac's public filings were

4

drafted, approved, and issued from Generac's headquarters in Waukesha. (*Id*. ¶¶ 6-8, 13-14.) The Generac personnel who prepared, approved, and executed these documents live and work in eastern Wisconsin. (*Id*. ¶¶ 10-12.) Moreover, the majority, if not all, of the potentially relevant documents are located in eastern Wisconsin. (*Id*. ¶¶ 15.) By contrast, the Complaint does not plead any alleged wrongdoing in this District. Plaintiff does not allege, for example, that Defendants prepared or issued from this District any of the purported misstatements that form the basis of the federal securities claims at issue. (Compl. ¶ 6.)

**III. THE COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN PURSUANT TO SECTION 1404**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404 is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009). As a result, the Court should grant a transfer motion if (1) the case could have been brought in the transferee forum, and (2) transfer would serve the convenience of the parties and witnesses and the interests of justice. *Id*. Because this case plainly could have been brought in the Eastern District of Wisconsin, where Defendants are located, the only considerations before the Court are whether transfer would serve (i) the convenience of the parties, (ii) the convenience of the witnesses, and (iii) the interests of justice. For the reasons set forth below, it would.

Determining whether transfer would serve the convenience of the parties and witnesses and the interests of justice "requires the court to weigh multiple factors." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Among the

factors the Court may consider are: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498-99. Here, the balance of factors strongly supports transfer to the Eastern District of Wisconsin.

### A. The Present Action Could Have Been Brought In The Eastern District Of Wisconsin

Plaintiff cannot dispute that this case could have been brought in the Eastern District of Wisconsin, where all Defendants either reside or are headquartered. *See* 28 U.S.C. § 1391(b), (c) ("A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. . . ."); *Wasson v. LogMeIn, Inc.*, No. 18-7285, 2018 WL 6016283, at \*1 (C.D. Cal. Nov. 2, 2018) (*citing* 28 U.S.C. § 1391(c)) (holding action "could have been brought in the District of Massachusetts, where LogMeIn is headquartered and transacts business"); *see also* 15 U.S.C. § 78aa(a) (providing that claims under the Exchange Act "may be brought in . . . the district wherein the defendant is found or is an inhabitant or transacts business").

### B. The Convenience Of The Parties Favors The Eastern District Of Wisconsin

This Court has observed that "the location of the defendants is a weighty consideration in deciding whether [a] securities class action is properly transferred because plaintiffs' allegations focus on [the] defendants' conduct and do not appear to implicate involved questions of fact regarding [the] plaintiffs' behavior." *In re Yahoo! Inc.*, No. 07-3125, 2008 WL 707405, at \*3 (C.D. Cal. Mar. 10, 2008). Here, the convenience of the parties favors transfer for two reasons: (i) the parties and

6

relevant documents are located in eastern Wisconsin, and (ii) the plaintiff's choice of forum is not entitled to deference.

### 1. The Locus Of Operative Facts Is In The Eastern District Of Wisconsin, Where Defendants And The Relevant Documents Are Located

The locus of operative facts and location of the parties favor transfer. Generac is headquartered in eastern Wisconsin and the Individual Defendants reside in eastern Wisconsin. (Ragen Decl. ¶¶ 4, 10-11.) Similarly, most if not all of the allegedly false or misleading statements were drafted, approved, and issued in eastern Wisconsin, where Generac prepares its public filings and press releases. (*Id.* ¶¶ 7-8.) Moreover, Plaintiff resides in Georgia (*see* Civil Cover Sheet, Dkt. 2 at 1), and does not allege any other reason why this District is the most convenient forum for him.[2] (*See* Compl. ¶¶ 2-5.) To be sure, there are no allegations that support a determination that any of the alleged misconduct occurred here.

The location of the relevant documents also favors transfer. Because the essence of the Complaint concerns whether Generac made allegedly false or misleading statements in its public filings, most, if not all, of the relevant documents in this case are likely to be kept in eastern Wisconsin. (*See* Ragen Decl. ¶ 15.) As the location of Generac's headquarters, eastern Wisconsin is where Generac drafts, approves, and issues its public filings and press releases. (*Id.* ¶ 8.) This factor holds particular weight in a case alleging securities fraud, like this one, where almost all of the relevant documents will be in Generac's possession. *See Sanchez*, 2017 WL 11496768, at *2 ("[t]he ease of access to sources of proof favors transfer because it appears that most of the relevant documents are in [defendant's] possession in the

---

[2] Plaintiff cannot argue that this District is more convenient because his attorneys have offices here. This Court has observed that "the convenience of the attorneys that [a party] has retained to pursue [an] action is of little consequence. To conclude otherwise would allow a party to manufacture convenience merely by selecting counsel in a preferred venue." *Wasson*, 2018 WL 6016283 at *3.

Eastern District of Missouri.").

Although the Complaint alleges that "the alleged misstatements entered and the subsequent damages took place in this judicial district" (Compl. ¶ 4), such allegations are common to all putative securities class actions where -- as here -- a plaintiff seeks to represent a nationwide class of shareholders. Moreover, the allegation is irrelevant to the transfer calculus. For one thing, "misrepresentations and omissions . . . are deemed to occur in the district where they are transmitted or withheld, not where they are received." *Cohn v. Oppenheimerfunds, Inc.*, No. 09-CV-1656, 2009 WL 3818365, at *5 (S.D. Cal. Nov. 12, 2009). Therefore, that certain absent class members may have read the statements at issue in this District does not mean that the locus of operative facts occurred here. And, in any event, for purposes of assessing venue, the residence of absent putative class members is irrelevant. *See, e.g.*, *Ambriz v. Coca Cola Co.*, No. 13-cv-03539, 2014 WL 296159, at *5-6 (N.D. Cal. Jan. 27, 2014) ("The general rule is that only the residence of the named parties is relevant for determining whether venue is proper").

### 2. Plaintiff's Choice of Forum Is Not Entitled To Deference

Plaintiff's choice of forum is entitled to little -- if any -- deference because "the weight to be given the plaintiff's choice of forum is discounted where the action is a class action." *Metz*, 674 F. Supp. 2d at 1146. That "deference . . . is further diminished 'if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum.'" *Id.*; *Tran v. Third Ave. Mgmt. LLC*, No. CV-16-602, 2016 WL 6828217, at *4 (C.D. Cal. Apr. 12, 2016). Each of those factors further mitigates any deference to Plaintiff's choice of forum.

As an initial matter, Plaintiff plainly seeks to bring this action on behalf of a putative class of investors geographically dispersed across the country. (Compl. ¶¶

8

27-28.) This holds particular weight here, because neither Plaintiff nor the plaintiff in the Khami Action reside in this District.[3] *See Glob. Decor, Inc. v. Cincinnati Ins. Co.*, No. CV 11-2602, 2011 WL 2437236, at *4 (C.D. Cal. June 16, 2011) ("If the plaintiff does not reside in his chosen forum, courts accord considerable less deference to his choice of forum.").

Plaintiff's choice of forum is further diminished because (1) the locus of operative facts is eastern Wisconsin, (2) this District otherwise has no particular interest in the parties or the subject matter, (3) none of the parties resides in this District, and (4) the subject matter of this action is not substantially connected to this forum. *First*, the operative facts purportedly giving rise to this putative securities class action all occurred in eastern Wisconsin. As discussed above, (i) Generac is headquartered in eastern Wisconsin, (ii) the Individual Defendants reside and work in eastern Wisconsin, (iii) the allegedly false statements were drafted, approved, and issued in eastern Wisconsin, and (iv) those individuals who drafted and approved the challenged statements work and live in eastern Wisconsin. *See In re Yahoo! Inc.*, 2008 WL 707405, at *9 (reasoning that "[b]ecause Yahoo!'s headquarters is the 'factual center of this case, and the locus of all relevant decisionmaking,' plaintiffs' claims have stronger contacts with the [other forum]").

*Second*, the remaining three factors -- that this District has no particular interest in the parties who do not reside in this District, the securities allegations at issue, or the subject matter of this litigation -- also favor discounting Plaintiff's choice of forum. Plaintiff's allegation that Generac "maintains an office in Los Angeles County" does not change this. (Compl. ¶ 4.) The only office Generac maintained in Los Angeles County at the time Plaintiff filed the Complaint was an office occupied by an entity that Generac's subsidiary GPS acquired in July 2021, after Defendants allegedly made the majority of the purported misstatements.

---

[3] Plaintiff resides in Georgia (Dkt. 2 at 1) and the plaintiff in the Khami Action resides in Michigan. (*Khami*, No. 2:21-cv-06777 (Dkt. 2 at 1).)

9

(Ragen Decl. ¶ 6.) The Los Angeles County operations of that subsidiary focus on designing and manufacturing microinverters for PV modules -- activity that is wholly irrelevant to Plaintiff's allegations. (*Id.*) In any event, Generac's headquarters and any relevant employees operate out of Wisconsin, and the alleged misstatements at issue would have been prepared and disseminated from there. (*Id.* ¶¶ 7-9.)

**C.** **The Convenience Of Witnesses Also Favors Transfer To The Eastern District Of Wisconsin, Where Such Relevant Witnesses Are Likely To <u>Reside And Where The Court Could Compel Process If Necessary</u>**

This Court should transfer this action to the Eastern District of Wisconsin for the additional reason that most, if not all, of the relevant witnesses are likely to live and work in eastern Wisconsin. This Court has observed that the relative convenience to witnesses "is often the most important factor considered by the court when deciding a motion to transfer for convenience." *Wasson*, 2018 WL 6016283, at *3. In particular, courts consider not just the number of witnesses and the location of each witness, but also "the importance of the witnesses." *In re Yahoo! Inc.*, 2008 WL 707405, at *3.

Courts in this District routinely transfer securities cases to the district where the corporate management and/or executive teams are located. *See, e.g.*, *City of N. Miami Beach Police Officers' & Firefighters' Ret. Plan v. Nat'l Gen. Holdings Corp.*, No. CV 19-06468, 2019 WL 7900030, at *3 (C.D. Cal. Nov. 19, 2019) (transferring putative securities class action to issuer's district because defendants identified "multiple officers, employees, agents, and non-parties who [were] relevant to the alleged false statements, and . . . live[d] and work[ed]" there); *Sanchez*, 2017 WL 11496768, at *2 (same); *Wasson*, 2018 WL 6016283, at *3 (same); *In re Yahoo! Inc.*, 2008 WL 707405, at *3, 9 (same); *Tran*, 2016 WL 6828217, at *4 (same). The same result is warranted here.

Case 2:21-cv-01342-LA   Filed 10/19/21   Page 15 of 17   Document 14

The Individual Defendants and many of Generac's other executives (and likely witnesses) reside in Wisconsin, including those who drafted, approved, and issued the alleged misstatements in Generac's Form 10-K and press releases. (Ragen Decl. ¶¶ 4, 6-15.) In addition to Generac's reporting functions, Generac's corporate finance, accounting, and legal functions are all based at its Waukesha headquarters. (*Id.* ¶¶ 6-8.) As such, the Generac personnel primarily responsible for, and knowledgeable about the contents of the Form 10-K and press releases, and also the legal claims alleged in the Complaint work and reside in eastern Wisconsin. By contrast, Plaintiff does not allege that a single potential witness works or resides in this District.

Because most, if not all, key witnesses are likely to be current or former Generac employees, who are likely to be located in eastern Wisconsin, if either Plaintiff or Generac needed to compel any of Generac's potential witnesses to testify at trial, such witnesses would be outside of this Court's subpoena power. *See generally* Fed. R. Civ. P. 45(c)(1). This provides another reason for transferring this action to Wisconsin. *See Bussen v. WestPark Cap. Fin. Servs., LLC*, No. CV 14-6609, 2014 WL 11512591, at *4 (C.D. Cal. Dec. 4, 2014) (granting transfer at least in part because key witnesses were beyond the court's power to subpoena).

### D. The Interests Of Justice Favor Transfer

Other *Jones* factors favor transferring this case to the Eastern District of Wisconsin. *First*, the relative interest of each state favors transfer. Although Plaintiff's claims arise under the federal securities laws, rather than state law, Wisconsin nevertheless has an "interest in ensuring that corporations doing business within its borders comply with federal securities law[s]." *Sanchez*, 2017 WL 11496768, at *2. *Second*, the cost of litigating this action and the Khami Action in California will likely be greater than litigating the actions in Wisconsin, where most of the key witnesses and documents are located. *See Italian Colors Rest. v. Am. Express Co.*, No. C 03-3719, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003)

11

(holding balance of factors favored transfer in part because "litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions").

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant Defendants' motion and transfer this case to the United States District Court for the Eastern District of Wisconsin.

DATED:  October 19, 2021

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By:    */s/ Virginia F. Milstead*
Virginia F. Milstead
*Attorneys for Defendants*

DEFENDANTS' MOTION TO TRANSFER

Case 2:21-cv-01342-LA    Filed 10/19/21    Page 17 of 17    Document 14